SCHIFF-LANG CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9740.    Promulgated May 8, 1928

*Frank M. Gunter, Esq.*, and *W. R. Blackman, Esq.*, for the petitioner.
*Le Roy L. Hight, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: Section 12 (a) of the Revenue Act of 1916 provided that a corporation might deduct "all the ordinary and necessary expenses paid within the year." The word "paid" has been interpreted by article 126 of Regulations 33 to admit an expense not actually disbursed "provided it is so entered on the books of the company as to constitute a liability against its assets and provided further that the income is also returned on an accrual basis." This interpretation is a reasonable construction of the language of the Act.

In the instant case the record fails to show when, if ever, the additional salaries were actually paid. We know they were not paid within the taxable year. We are also unadvised whether petitioner made its return on a cash receipts and disbursements basis or on the accrual basis. Such being the state of the record, the determination of the respondent must be approved. See *Columbia Textile Co.*, 2 B. T. A. 472; and *Kimball & Sherman Co.*, 3 B. T. A. 1092.

The above conclusion makes unnecessary a decision as to whether or not the evidence would bring this case within the ruling of the Board in *Reub Isaacs & Co.*, 1 B. T. A. 45, where it was held that a corporation in which the stock is closely held and which conducts its business largely by informal meetings of its directors may, by such informal action, create a binding corporate obligation.

*Judgment will be entered for the respondent.*